UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,* | 3:23-CR-165 (SVN) |
| v. | |
| VALERIE MENESES<br>*Defendant.* | October 29, 2024 |

## RESTITUTION ORDER

**I.    Restitution Liability**

    **A.    Restitution Amount**

The Defendant, Valerie Meneses, shall pay restitution in the amount of $ 1,000 pursuant to 18 U.S.C. § 3663A.

☒ This amount does not include prejudgment interest.

    **B.    Joint and Several Liability**

☒ Restitution is joint and several with co-defendant John Villegas in case numbers 3:23cr165(SVN).

☐ Restitution is joint and several with defendant(s) not presently named.

-OR-

☐ The Court has apportioned liability among the defendants to reflect the level of contribution to the victim's loss and the economic circumstances of each defendant, as follows: _____.

    **C.    Identification of Victims**

Restitution shall be paid to the victim(s) identified in Schedule A attached hereto on a *pro rata* basis, unless otherwise specified in Schedule A.

**II.    Interest (Check One) and Penalties**

☒ All interest is waived.

☐ The Defendant shall pay interest on any restitution amount of more than $2,500.00, unless restitution is paid in full before the fifteenth day after the date of the judgment, unless directed as follows: N/A.

☒ All penalties are waived by the Government pursuant to 18 U.S.C. § 3612(h).

**III.     Time and Method of Payment**

Pursuant to 18 U.S.C. §§ 3572 and 3664(f)(2), in consideration of (1) the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; (2) projected earnings and other income of the Defendant; and (3) any financial obligations of the Defendant, including obligations to dependents, the Defendant is hereby ordered to pay restitution in the manner and according to the schedule that follows:

A.  An Initial Lump Sum Payment of $1,000 is due and payable by December 15, 2024. If defendant is unable to make any or all of the payment, defendant shall pay in accordance with Section B below.

B.  Any remaining balance is due and payable according to the following schedule:

1.  While serving any term of imprisonment, the Defendant

    ☑  shall not be required to make restitution payments; or

    ☐  shall make installment payments as follows:

2.  After completion of the term of imprisonment or if the Defendant is not sentenced to a term of imprisonment, the Defendant shall make installment payments as follows:

    Any remaining balance is payable at a rate of not less than 10% of Defendant's gross monthly income, whichever is greater.  The monthly payment schedule may be adjusted based on Defendant's ability to pay as determined by the probation officer and approved by the Court.

**IV.     Payment Instructions**

The Defendant shall make payment to the Clerk of Court. Payment may be made in the form of cash, check or money order. All payments by check or money order shall be made payable to the "Clerk, United States District Court," and each check shall be delivered to the United States District Court, Attention: Clerk's Office, 141 Church Street New Haven as required by 18 U.S.C. § 3611. The Defendant shall write the docket number of this case on each check delivered to the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. Payments can be made through Pay.gov, using a checking or savings account (ACH) or credit, debit, and prepaid cards. Before making payments on-line, debtors should self-enroll on the Pay.gov. Instructions on how to self-enroll and make payments on-line are on the court's website at: http://www.ctd.uscourts.gov/payment-information.

The Clerk shall distribute restitution payments to the victim(s) identified in this order in accordance with the District's Standing Order on the Disbursement of Restitution Payments by the Clerk of Court.

## V.     Additional Provisions

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any change in address.

The Defendant shall apply to any restitution still owed the value of any substantial resources from any source the defendant receives during the period of incarceration, including inheritance, settlement or other judgment in accordance with 18 U.S.C. § 3664(n).

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its Inmate Financial Responsibility Program ("IFRP"), 28 U.S.C. § 545.10 et seq. up to the maximum amount permitted under the IFRP guidelines.

**SO ORDERED** at Hartford, Connecticut on this 29th day of October, 2024.

Sarala V. Nagala
Digitally signed by Sarala V. Nagala
Date: 2024.10.29 14:17:02 -04'00'

SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

## Schedule A

M.C. - $1,000